1   PAUL L. REIN, Esq. (SBN 43053)
    PATRICIA BARBOSA, Esq. (SBN 125865)
2   JULIE MCLEAN, Esq. (SBN 215202)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Dr., Suite A
    Oakland, CA 94612
4   (510) 832-5001

5   Attorneys for Plaintiffs
    CHRISTINE FITZGERALD &
6   CONNIE ARNOLD

7
                    UNITED STATES DISTRICT COURT
8                 NORTHERN DISTRICT OF CALIFORNIA

9

10  CHRISTINE FITZGERALD &              CASE NO.
    CONNIE ARNOLD,
11                                      Civil Rights
            Plaintiffs,
12                                      **COMPLAINT FOR DAMAGES AND**
    v.                                  **INJUNCTIVE RELIEF: DENIAL OF**
13                                      **DISABLED ACCESS; VIOLATION OF**
                                        **TITLE III OF THE AMERICANS WITH**
14  FAIRMONT HOTELS RESORT INC.;        **DISABILITIES ACT; VIOLATION OF**
    FAIRMONT PLAZA PARTNERS,            **CALIFORNIA HEALTH AND SAFETY**
15  L.L.C.; F.C. FAIRMONT, L.L.C.;      **CODE §19955, ET. SEQ.,**
    LIGHT TOWER ASSOCIATES L.P.;        **CALIFORNIA CIVIL CODE §§54 AND**
16  LIGHT TOWER ASSOCIATES I.,          **54.1; AND RELATED CODES AND**
    L.L.C.; and DOES 1 through 25,      **REGULATIONS**
17  Inclusive,

18                                      **DEMAND FOR JURY TRIAL**

19
    _____/
20

21          Plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD, on

22  behalf of themselves and other similarly situated disabled

23  persons, hereby complain of defendants FAIRMONT HOTELS RESORT

24  INC.; FAIRMONT PLAZA PARTNERS, L.L.C.; F.C. FAIRMONT, L.L.C.;

25  LIGHT TOWER ASSOCIATES L.P.; LIGHT TOWER ASSOCIATES I, L.L.C.;

26  and DOES 1 through 1 through 35, Inclusive (hereafter

27  "defendants"), and demand a trial by jury, and alleges as

28  follows:

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 1 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

1    **INTRODUCTION**:

2        1.   Plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD are

3    physically disabled wheelchair users who allege that they were

4    discriminated against on the basis of their physical disability

5    while guests at the FAIRMONT HOTEL, located at 170 South Market

6    Street, San Jose, California.  Plaintiffs further allege that

7    the FAIRMONT HOTEL (hereinafter, "Hotel" or "Fairmont" is

8    owned, operated, leased by defendants FAIRMONT HOTELS RESORT

9    INC.; FAIRMONT PLAZA PARTNERS, L.L.C.; F.C. FAIRMONT, L.L.C.;

10   LIGHT TOWER ASSOCIATES L.P.; LIGHT TOWER ASSOCIATES I, L.L.C.;

11   and DOES 1 through 1 through 35, Inclusive who have failed to

12   provide full and equal access to physically disabled persons in

13   the use of the public facilities at the FAIRMONT HOTEL,

14   including its hotel registration, public restrooms, common

15   areas, guest rooms, and parking places.  Plaintiffs were denied

16   their right to use the public accommodations offered by

17   defendants because said defendants failed to provide guestroom

18   accommodations and facilities usable by disabled persons who

19   require the use of a wheelchair; failed to provide accessible

20   public restrooms serving the Hotel's public areas, restaurant,

21   and meeting and conference rooms, failed to provide proper

22   accessible parking, and failed to comply with existing federal

23   and California laws protecting disabled persons against

24   architectural barriers and facilities discrimination in

25   violation of plaintiffs' rights under federal and California

26   law.

27       2.   On information and belief, defendants also have

28   remodeled or constructed a number of their guest rooms,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                — 2 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

1  triggering legal requirements for provision of accessible guest

2  rooms at a variety of prices and locations, and additionally

3  have an obligation to make a minimum number of hotel guest

4  rooms accessible to comply with ADA standards.  The guestrooms

5  that defendants have modified and represented to be

6  "handicapped accessible" are not properly accessible for use by

7  physically disabled persons, according to federal and state

8  accessibility standards.  Due to defendants' failure to provide

9  properly accessible facilities in violation of both federal and

10  California legal requirements, plaintiffs suffered violation of

11  their civil rights to full and equal access, were embarrassed

12  and humiliated, and suffered statutory and general damages.

13  Plaintiffs seek injunctive relief requiring provision of access

14  under the Americans With Disabilities Act of 1990, §308(a), and

15  injunctive relief and damages under California law.

16      3.   At all times herein mentioned, defendants failed to

17  provide "full and equal access" as required by law, and failed

18  to modify their policies and practices to provide their goods

19  and services in a non-discriminatory manner to persons with

20  mobility disabilities, including accepting reservations for

21  guestrooms with roll-in showers and then failing to reserve

22  said rooms for disabled guests.  Defendants maintained and

23  continue to maintain a major hotel facility, dining areas and

24  public accommodations which illegally deny full and equal

25  access to plaintiffs and other physically disabled persons who

26  use wheelchairs by failing to have properly configured

27  accessible guestrooms and other hotel facilities, although such

28  guestrooms and facilities are available to and usable by non-

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 3 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1  disabled persons.

2      4.   Plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD are

3  each a "physically handicapped" or "physically disabled"

4  person, who require the use of a motorized wheelchair for

5  mobility.  Plaintiffs wish to return to stay as guests of the

6  FAIRMONT HOTEL, to attend public functions presented at the

7  FAIRMONT HOTEL, and to use the premises' restaurant, but cannot

8  do so until the Hotel is made accessible and barriers to

9  disabled access are removed in the manners complained of

10  herein.

11      5.   Defendants were required by law to provide accessible

12  guestrooms and other hotel facilities and amenities on each

13  occasion that "alterations, structural repairs or additions"

14  were performed to such facilities pursuant to legal standards

15  then in effect, pursuant to Health & Safety Code §19959.

16  Further, defendants fail to provide properly configured and

17  located disabled-accessible parking spaces serving guests at

18  the Hotel.

19      6.   Plaintiffs seek damages for the continuing violation

20  of their civil rights, plaintiffs also request that this Court

21  grant injunctive relief, requiring defendants to comply with

22  both California and Federal laws requiring access for the

23  physically disabled so long as defendants continue to operate

24  their Hotel as a public facility.

25

26  **JURISDICTION AND VENUE**

27      7.   This Court has jurisdiction of this action pursuant

28  to 28 U.S.C. 1331 for violations of the Americans with

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                — 4 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1   Disabilities Act of 1990, 42 U.S.C. 12101, et seq.  Pursuant to

2   pendant jurisdiction, attendant and related causes of action,

3   arising from the same facts, are also brought under California

4   law, including but not limited to violations of California

5   Health & Safety Code §§ 19955 et seq., including §19959; Title

6   24 California Code of Regulations; and California Civil Code §§

7   54 and 54.1, et seq.

8       8.   Venue is proper in this court pursuant to 28 U.S.C.

9   §1391(b) and is founded on the fact that the real property,

10  which is the subject of this action, is located in this

11  district and that plaintiffs causes of action arose in this

12  district.

13      9.   The case should be assigned to the San Jose

14  intradistrict as the real property, which is the subject of

15  this action, is located in the San Jose intradistrict and

16  plaintiff's causes of action arose in the San Jose

17  intradistrict (a property located in San Jose).

18

19  **PARTIES**

20      10.  Plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD,

21  are each a qualified "physically handicapped" or "physically

22  disabled" persons as these terms are used under California law

23  and under federal laws including but not limited to Title III

24  of the Americans with Disabilities Act of 1990 who require the

25  use of wheelchairs for mobility.  Plaintiffs are informed and

26  believe that each of the defendants FAIRMONT HOTELS RESORT

27  INC.; FAIRMONT PLAZA PARTNERS, L.L.C.; F.C. FAIRMONT, L.L.C.;

28  LIGHT TOWER ASSOCIATES L.P.; LIGHT TOWER ASSOCIATES I, L.L.C.;

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                — 5 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1  and DOES 1 through 1 through 35, Inclusive, is the agent,

2  ostensible agent, alter ego, master, servant, employer,

3  employee, representative, franchiser, franchisee, joint

4  venturer, partner, associate, parent company, subsidiary,

5  department, representative, agency, agent, or such similar

6  capacity, of each of the other defendants, and was at all times

7  acting and performing, or failing to act or perform, within the

8  course and scope of his, her or its authority as agent,

9  ostensible agent, alter ego, master, servant, employer,

10  employee, representative, franchiser, franchisee, joint

11  venturer, partner, associate, parent company, subsidiary,

12  department, representative, agency, agent, or such similar

13  capacity, and with the authorization, consent, permission or

14  ratification of each of the other defendants, and is

15  responsible in some manner for the acts and omissions of the

16  other defendants in proximately causing the violations and

17  damages complained of herein, and have approved or ratified

18  each of the acts or omissions of each other defendant, as

19  herein described.  Plaintiffs will seek leave to amend this

20  complaint when the true names, capacities, connections, and

21  responsibilities of defendants FAIRMONT HOTELS RESORT INC.;

22  FAIRMONT PLAZA PARTNERS, L.L.C.; F.C. FAIRMONT, L.L.C.; LIGHT

23  TOWER ASSOCIATES L.P.; LIGHT TOWER ASSOCIATES I, L.L.C.; and

24  DOES 1 through 1 through 35, Inclusive, are ascertained.

25      11.  At all relevant times, defendants FAIRMONT HOTELS

26  RESORT INC.; FAIRMONT PLAZA PARTNERS, L.L.C.; F.C. FAIRMONT,

27  L.L.C.; LIGHT TOWER ASSOCIATES L.P.; LIGHT TOWER ASSOCIATES I,

28  L.L.C.; and DOES 1 through 1 through 35, Inclusive, were and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 6 —

g:\my documents\f\fairmont-s\pleading\complaint.doc

1  are the owners, operators, lessors and/or lessees of the

2  Fairmont Hotel, located at or near 170 South Market Street, San

3  Jose, California, and its facilities (hereinafter sometimes

4  referred to as the "Fairmont," "Hotel," or the "Buildings").

5  The hotel's parking facilities, entrances, interior and

6  exterior paths of travel, public restrooms, registration

7  counters, guestrooms, heath club, pool and other facilities are

8  each a "public accommodation or facility" subject to the

9  requirements of California Health & Safety Code §19955 et seq.

10  and of the California Civil Code, §§ 54, 54.1, and 54.3.  At

11  all times relevant to this complaint, defendants have held

12  these facilities open to public use.

13     12.  On information and belief, each such facility has,

14  since July 1, 1982, undergone new construction, "alterations,

15  structural repairs, and additions," each of which has subjected

16  the Fairmont Hotel and its public facilities to disabled access

17  requirements pursuant to Health & Safety Code § 19959, and

18  relevant provisions of Title 24 of the California Code of

19  Regulations (hereinafter, "Title 24")

20     13.  The facilities within the subject Hotel are each a

21  "public accommodation or facility," subject to the requirements

22  of the California Health and Safety Code, §§ 19955, et seq., of

23  California Civil Code §§ 54, et seq.  Such buildings are also

24  "public accommodations" or "commercial facilities" subject to

25  the requirements of §§ 302 and 303 of the Americans with

26  Disabilities Act of 1990 (hereinafter also called the "ADA").

27

28  **FACTUAL STATEMENT**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 7 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

1    14.  On or about October 2, 2002, plaintiff Connie Arnold

2  telephoned the Hotel to make a reservation for an accessible room

3  for two for a one-night stay on October 21, 2002, specifically

4  requesting a "roll-in" shower.  Plaintiff Arnold made several

5  more calls to the Hotel to verify that the Hotel would provide an

6  accessible room with a roll-in shower, including a call on

7  October 20, 2002.

8    15.  On October 21, plaintiffs arrived at the Hotel and

9  found that the parking structure for the Hotel would not

10  accommodate a disabled accessible van and that there was valet

11  parking available, but no accessible drop off lane.  Plaintiffs

12  had to park and disembark on street parking because of the lack

13  of van accessible parking.

14    16.  Prior to registering at the Hotel, plaintiffs had

15  dinner at the Grill Restaurant.  While having dinner, plaintiff

16  Connie Arnold had a need for the restroom, but had difficulty

17  entering the women's restroom serving the Grill because of its

18  excessive door weight.  She also noted the lack of any accessible

19  signage.  Plaintiff Arnold also had difficulty closing the toilet

20  stall door because of the configuration and the lack of a self-

21  closing locking mechanism on the toilet stall door.  A chair also

22  blocked turning space within the "accessible" toilet stall.

23  Plaintiff Arnold also had difficulty using the restroom because

24  it was too high.  On information and belief, this restroom was

25  not properly accessible for use by disabled persons in other

26  respects.

27    17.  Following their meal, plaintiff Arnold went to the

28  Hotel registration desk to register for her guest room.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                — 8 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1    Plaintiffs were registered into Room 626.  At the registration

2    desk plaintiff Connie Arnold had difficulty because of the

3    excessive height of the registration counter so that she could

4    complete her transaction with the Hotel staff until the Hotel

5    staff member came around the counter to get plaintiff's credit

6    card.  After registering, plaintiffs proceeded to Room 626 and

7    required assistance opening the guest room door as this

8    purportedly "accessible" guest room door was excessively heavy

9    and required unlocking with a "card key" that plaintiff was

10   unable to operate

11       18.  Once inside the room, plaintiff Arnold discovered that

12   the bathroom had no roll-in shower as she had been advised she

13   would have reserved for her use, and that the bathroom was

14   otherwise very difficult to use due to its configuration,

15   including but not limited to, no tub transfer bath bench, a

16   toilet improperly mounted in the middle of a narrow room, and the

17   sink counter was too high for her to reach the water and

18   amenities, and had exposed pipes.  Plaintiff Arnold also had

19   difficulty using the toilet and reaching the flush lever because

20   of its improper mounting and location.  Although plaintiff Arnold

21   made further attempts to get a more accessible guest room, she

22   was told that no rooms with a roll-in shower were available and

23   that all other "accessible" rooms were already occupied.  Because

24   it was approximately 11 pm at this point, it was too late for

25   plaintiffs to find an accessible guest room at another hotel;

26   they accepted use of Room 626.

27       19.  The following morning, when plaintiff Arnold had

28   breakfast at the Fairmont Hotel's Fountain Restaurant, she

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 9 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

1    discovered she could not get to the buffet breakfast area because

2    of the dining table and chairs were too closely configured and

3    the buffet table foods were too high for her to reach.  She also

4    had difficulty using the restroom serving the Fountain

5    Restaurant, including an improperly placed toilet flush valve.

6    Plaintiff also had problems using the sink because of its height,

7    and other difficulties with the configuration of the restroom.

8        20.  During her stay at the Hotel plaintiff Arnold went up

9    to the 4th floor to use the pool area.  She had difficulty using

10   the pool area as access to the pool area required using a card

11   key that she was unable to use, and finally required assistance

12   from another person to access the pool area.  Inside the pool

13   area she discovered that there was no pool lift for her to use to

14   enter the swimming pool, and that the restrooms were inaccessible

15   for her in her wheelchair.  She also visited the Health Club and

16   discovered that there were no facilities there usable by disabled

17   persons.  She also found that she was unable to use the saunas

18   because of their configuration.  Plaintiff Arnold also found that

19   the restroom in the women's locker room was not properly

20   accessible in multiple respects, including the location of the

21   toilet flush lever, the restroom stall's configuration, and the

22   twisting type of door lock.

23       21.  When plaintiffs Christine Fitzgerald and Connie Arnold

24   used the Hotel elevators, they had difficulties because the

25   elevator controls were too high and that she could not

26   distinguish the lighting of the controls, and were not properly

27   lit for use by persons with low vision, such as plaintiff

28   Fitzgerald.  When plaintiffs attempted to use the women's

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 10 —

g:\my documents\f fairmont-s\pleading\complaint.doc

1   restroom in the Hotel lobby area near the elevators, they

2   encountered many access problems, including but not limited to

3   the following: the flush lever was improperly located, the sink

4   counter was too high, and the sink pipes were not properly

5   wrapped.

6       22.  When plaintiffs attempted to enter the main Hotel

7   "lobby lounge" area they discovered that it appeared that it

8   could only be entered by stairs, with no signage to indicate the

9   location of a ramp or lift.  Finally, on inquiry, plaintiff

10  Arnold determined that there was a lift, but the lift was

11  improperly kept locked.  Plaintiffs were required to wait while

12  Hotel employees located someone who could unlock the lift and

13  allow her to enter.  On information and belief, the physical

14  structure, policy on locking, and configuration of the lift, fail

15  to properly provide "full and equal access" for disabled persons'

16  use as required by law.  Further, the switches on the lift were

17  not self-operable and plaintiffs had to again seek assistance

18  when they wanted to use the lift to return from the lounge area

19  to the main lobby floor.  As a result of the locked lift and its

20  lack of self-operation, plaintiffs were delayed from 10 to 20

21  minutes before being able to enter the lounge area, by use of the

22  lift, and only then with assistance and without independence.

23      23.  Defendants' denial of access has caused plaintiffs to

24  suffer physical, psychological, and emotional injuries as a

25  result of the lack of accessible facilities, including an

26  accessible guestroom, parking and accessible public restroom

27  facilities, and deprived plaintiffs of their Civil Rights,

28  caused them physical, psychological and emotional injuries,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 11 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1  including but not limited to humiliation, frustration and

2  anger, and deprived plaintiff of her independence, self-

3  sufficiency and autonomy.  Defendants have failed and refused

4  to provide "full and equal access" to plaintiffs causing them

5  physical, mental and emotional distress, and violation of their

6  Civil Rights, all to their damages.

7      24.  On information and belief, defendants have remodeled a

8  number of conference, lobby and guestroom facilities at the

9  hotel, triggering accessible "path of travel" requirements to

10  each area of alteration, which includes, but is not limited to,

11  accessible public sanitary facilities and drinking fountains, and

12  accessible parking facilities, complying with ADA and Title 24

13  standards.  On information and belief, defendants have not

14  complied with these legal obligations.

15      25.  The "removal" of each of these barriers to use by

16  disabled persons was "readily achievable" under the standards

17  of §301(9) of the Americans With Disabilities Act of 1990 [42

18  U.S.C. §12181] at all times herein relevant.  The removal of

19  all such barriers was also required by §303 of the ADA [42

20  U.S.C. §12183] and California law.

21      26.  On information and belief, defendants continue to the

22  present date to deny "full and equal access" to plaintiffs and

23  to all other disabled persons, in violation of California law,

24  including Health & Safety Code §19955 et seq., Civil Code §§ 54

25  and 54.1, and Title 24 of the California Code of Regulations

26  (a.k.a. California Building Code).  Further, such denial of

27  access to disabled persons also violates the requirements of

28  Title III of the federal Americans With Disabilities Act of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 12 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1   1990, §301, et seq. [42 U.S.C. §12181, et seq.].

2        27.  At all times herein mentioned, defendants were fully

3   aware that significant numbers of potential users of their

4   public facility are and will be physically disabled persons.

5   As a hotel, the Fairmont specifically reserves guestrooms for

6   people with disabilities indicating that they will be provided

7   with "wheelchair accessible rooms" and a "roll-in shower," but

8   failed to modify their policies and procedures to ensure that

9   persons with disabilities are provided the accessible rooms

10  they reserve.  Further defendants know that some of the

11  Fairmont patrons would be and were physically disabled

12  wheelchair users and other mobility-impaired disabled persons,

13  and would have need of facilities that comply with California

14  Title 24 and ADAAG standards for accessible facilities.

15  Despite this knowledge, defendants installed and maintained the

16  physical barriers complained of, and failed to remove these

17  barriers, and have failed to provide fully accessible

18  guestrooms, parking, restrooms and other facilities as required

19  by state and federal law.  Defendants have ignored specific

20  complaints about the lack of proper disabled access by

21  plaintiffs and other wheelchair users.  Defendants have

22  continued their illegal and discriminatory policies and

23  practices despite actual knowledge that people with

24  disabilities regularly attempt to patronize the Hotel and

25  encounter illegal barriers when they do so.

26       28.  At all times herein mentioned, defendants knew, or in

27  the exercise of reasonable diligence should have known, that

28  their barriers and practices at their Fairmont Hotel violated

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 13 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

1  disabled access requirements and standards and had a

2  discriminatory affect upon plaintiffs and upon other physically

3  disabled persons, but defendants have refused to rectify the

4  violations, and presently continue a course of conduct that

5  discriminates against plaintiffs and similarly situated

6  persons.

7      29.  On information and belief, defendants have violated

8  State and Federal disabled access requirements in other

9  respects at the subject Fairmont, including the requirements of

10  the Americans With Disabilities Act of 1990, according to

11  proof.

12      30.  On information and belief, the subject Fairmont Hotel

13  denied full and equal access to disabled persons in other

14  respects due to non-compliance with the requirements of the law

15  from the American Standards Association (as incorporated by

16  §19955 Health and Safety Code); of Title 24 of the California

17  Code of Regulations; of Health & Safety Code §§ 19955, et seq.;

18  and of Civil Code §§ 54 and 54.1, et seq., according to proof.

19
                      **FIRST CAUSE OF ACTION:**
20  **BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

21      31.  Plaintiff repleads and incorporates by reference, as

22  if fully set forth again herein, the allegations contained in

23  Paragraphs 1 through 32, above.

24      32.  Plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD,

25  was and is at all times relative to this complaint a

26  "physically disabled" person or "physically handicapped" person

27  under standards as defined by all California statutes using

28  these terms.  Plaintiffs are also each an "individual with a

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 14 —

g:/my documents/f-fairmont-s/pleading/complaint.doc

disability" as defined by § 54(b) Civil Code, as well as §3(2)

of the Americans With Disabilities Act of 1990, a violation of

which Act is incorporated by reference as a separate violation

of §§ 54(c) and 54.1(d) California Civil Code.  Hereinafter,

the words "person with a disability," "physically disabled" and

"physically handicapped" are used interchangeably, as these

words have similar or identical common usage and legal meaning,

but the legislative scheme in Part 5.5 of the Health and Safety

Code uses the term "physically handicapped persons" and the

Unruh Civil Rights Act, §§ 54, 54.1, 54.3 and 55, and other

statutory measures refer to protection of the rights of

"physically disabled persons" or "persons with disabilities."

33.   Health & Safety Code § 19955 provides in pertinent
part:

> (a) The purpose of this part is to insure that
> public accommodations or facilities constructed in
> this state with private funds adhere to the
> provisions of Chapter 7 (commencing with § 4450) of
> Division 5 of Title 1 of the Government Code.  For
> the purposes of this part "public accommodation or
> facilities" means a building, structure, facility,
> complex, or improved area, which is used by the
> general public and shall include auditoriums,
> hospitals, theaters, restaurants, hotels, motels,
> stadiums, and conventions centers.

34.   Health and Safety Code §19956, which appears in the

same chapter as 19955, provides, in pertinent part: "[a]ll

public accommodations constructed in this state shall conform

to the provisions of Chapter 7 (commencing with § 4450) of

Division 5 of Title 1 of the Government Code...."

35.   Section 19956 Health & Safety Code was operative July

1, 1970, and is applicable to all public accommodations

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 15 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1   constructed or altered after that date.  On information and

2   belief, portions of the Fairmont Hotel were constructed and/or

3   altered after July 1, 1970, and portions of the subject

4   buildings were structurally remodeled, altered and have

5   undergone structural repairs or additions after July 1, 1970.

6   Such construction required such building and its public

7   accommodation facilities to be subject to the requirements of

8   Part 5.5, §§ 19955, et seq., of the Health and Safety Code,

9   which requires provision of access upon "alterations,

10  structural repairs or additions" per §19959 Health & Safety

11  Code, or upon a change of occupancy (a form of "alteration").

12      36.  Pursuant to the authority delegated by Government

13  Code §4450, et seq., the State Architect promulgated

14  regulations for the enforcement of these provisions.  Effective

15  January 1, 1982, Title 24 of the California Administrative Code

16  adopted the California State Architect's Regulations and these

17  regulations must be complied with as to any modifications of

18  the subject buildings occurring after that date.  Any

19  alterations of the buildings after January 1, 1982 required

20  compliance with the Title 24 regulations then in effect,

21  including that an accessible path of travel leading to such

22  facility from the adjoining public right of way.

23      37.  Plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD,

24  are informed and believe and therefore alleges that defendants,

25  and their predecessors in interest as owners, operators and/or

26  lessors of the subject Hotel (for which the defendants as

27  current owners, operators and/or lessors of the building are

28  responsible), and each of them caused the subject properties to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 16 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

1    be constructed, altered and maintained in such a manner that

2    physically disabled persons were denied full and equal access

3    to, within and throughout said facilities, and full and equal

4    use of said buildings.  Further, on information and belief,

5    defendants and each of them have continued to maintain and

6    operate such Hotel and its facilities in such condition up to

7    the present time, despite actual and constructive notice to

8    such defendants, and each of them, that the configuration of

9    the buildings was in violation of the Civil Rights of disabled

10   persons, such as plaintiffs CHRISTINE FITZGERALD and CONNIE

11   ARNOLD.  Such construction, modification, ownership, operation,

12   maintenance and practices of such a public facility is in

13   violation of law as stated in Part 5.5, Sections 19955ff Health

14   and Safety Code, §§ 54 and 54.1, et seq., Civil Code, and

15   elsewhere in the laws of California.

16       38.  On information and belief, the subject Hotel and the

17   defendants and each of them have denied full and equal access

18   to disabled persons in other respects due to non-compliance

19   with requirements of Title 24 of the California Code of

20   Regulations, and of other provisions of disabled access legal

21   requirements.  Additionally, maintaining the barriers specified

22   in this complaint is independently a violation of both Title 24

23   of the California Building Code, and of §§ 54 and 54.1 Civil

24   Code and their guarantee of "full and equal" access to all

25   public facilities (as pled in the second cause of action, and

26   also repled and incorporated herein by reference, as if fully

27   restated full and equal access to, within and throughout said

28   facilities, and full and equal use of said buildings.  Further,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 17 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc

1  on information and belief, defendants and each of them have

2  continued to maintain and operate such Hotel and its facilities

3  in such condition up to the present time, despite actual and

4  constructive notice to such defendants, and each of them, that

5  the configuration of the buildings was in violation of the

6  Civil Rights of disabled persons, such as plaintiffs CHRISTINE

7  FITZGERALD and CONNIE ARNOLD.  Such construction, modification,

8  ownership, operation, maintenance and practices of such a

9  public facility is in violation of law as stated in Part 5.5,

10  Sections 19955ff Health and Safety Code, §§ 54 and 54.1, et

11  seq., Civil Code, and elsewhere in the laws of California.

12       39.  On information and belief, the subject Hotel and the

13  defendants and each of them have denied full and equal access

14  to disabled persons in other respects due to non-compliance

15  with requirements of Title 24 of the California Code of

16  Regulations, and of other provisions of disabled access legal

17  requirements.  Additionally, maintaining the barriers specified

18  in this complaint is independently a violation of both Title 24

19  of the California Building Code, and of §§ 54 and 54.1 Civil

20  Code and their guarantee of "full and equal" access to all

21  public facilities (as pled in the second cause of action, and

22  also repled and incorporated herein by reference, as if fully

23  restated hereafter), in conjunction with §§ 19955ff, per Donald

24  v. Café Royale, (1990) 218 Cal.App.3d 168.

25       40.  Injunctive Relief - The acts and omissions of

26  defendants as complained of continue on a day-to-day basis to

27  have the effect of allowing defendants to wrongfully exclude

28  plaintiff, and other similarly situated members of the public

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                — 18 —

g:\my documents\f\fairmont-s\pleading\complaint.doc

1   who are physically disabled, from full and equal access to the

2   Fairmont Hotel.  Such acts and omissions are the continuing

3   cause of humiliation and mental and emotional suffering to

4   plaintiffs and other similarly situated persons in that these

5   actions treat them as inferior and second class citizens and

6   serve to discriminate against them, so long as defendants do

7   not provide a properly accessible, safe and equal use of such

8   facilities.  Said acts have proximately caused and will

9   continue to cause irreparable injuries to plaintiffs if not

10  enjoined by this court.

11      41.  Plaintiffs seek injunctive relief, pursuant to §19953

12  Health and Safety Code and §55 Civil Code, prohibiting those of

13  the defendants that currently own, operate, and/or lease (from

14  or to) the subject Fairmont Hotel, from maintaining

15  architectural barriers to the use by disabled persons of public

16  accommodations and facilities, in violation of Part 5.5, §§

17  19955ff Health and Safety Code.  Plaintiffs seek to require

18  such defendants to create safe and properly accessible

19  facilities.

20      42.  Attorney Fees - As a result of defendants' acts and

21  omissions in this regard, plaintiffs have been required to

22  incur legal expenses and hire attorneys in order to enforce

23  plaintiffs' rights and that of other similarly situated

24  persons, and to enforce provisions of the law protecting access

25  for the disabled and prohibiting discrimination against the

26  disabled, and to take such action both in their own interest

27  and in order to enforce an important right affecting the public

28  interest.  Plaintiffs therefore seek recovery of all reasonable

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 19 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

attorney fees, litigation expenses and costs incurred, pursuant

to the provisions of § 1021.5 of the Code of Civil Procedure.

Plaintiffs additionally seek attorney fees and costs pursuant

to §19953 Health and Safety Code.

WHEREFORE, plaintiffs pray for relief as hereinafter

stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF DISABLED RIGHTS ACT,**
**CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ., DENIAL OF**
**FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

43.   Plaintiffs replead and incorporate by reference, as

if fully set forth again herein, the allegations contained in

paragraphs 1 through 44, above.

44.   At all times relevant to this action, California

Civil Code §§ 54 and 54.1 has provided that physically disabled

persons are not to be discriminated against because of physical

handicap or disability. § 54 Civil Code provides:

> Individuals with disabilities shall have the same
> right as the general public to the full and free use
> of the streets, highways, sidewalks, walkways, public
> buildings, public facilities, including hospitals,
> clinics, and physicians' offices, public facilities,
> and other public places.

Section 54.1 Civil Code provides that:

> (a)(1) Individuals with disabilities shall be
> entitled to full and equal access, as other members
> of the general public, to accommodations, advantages,
> facilities, medical facilities,...  and privileges of
> all common carriers, airplanes, motor vehicles,...or
> any other public conveyances or modes of
> transportation, ...  hotels, lodging places, places
> of public accommodation and amusement or resort, and
> other places to which the general public is invited,
> subject only to the conditions or limitations
> established by law, or state or federal regulations,
> and applicable alike to all other persons.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 20 —

1    45.  California Civil Code §54.3 provides that any person

2   or corporation who denies or interferes with admittance to or

3   enjoyment of the public facilities as specified in §§ 54 and

4   54.1 Civil Code is liable for each such offense for the actual

5   damages and any amount up to a maximum of three times the

6   amount of actual damages but in no case less than $1,000 and

7   such attorney fees that may be determined by the Court in

8   addition thereto, suffered by any person denied any of the

9   rights provided in §§ 54, 54.1 and 54.3, for services necessary

10  to enforce those rights.

11   46.  As a result of the refusal by defendants and each of

12  them to comply with statutory requirements or otherwise provide

13  reasonable access for disabled persons to the subject public

14  facilities, plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD,

15  and other similarly situated persons, were denied and continue

16  to be denied their rights to full and equal access to, and use

17  of, public facilities, and were and continue to be

18  discriminated against on the sole basis that they are

19  physically disabled and unable to make full and equal use of

20  the facilities.  Defendants' acts have caused plaintiffs

21  physical and psychological injuries and pain, including

22  fatigue, stress and strain in attempts to negotiate barriers,

23  and emotional distress and general damages.

24   47.  Plaintiffs are each a person within the meaning of

25  Civil Code §§ 54 and 54.1 whose rights have been infringed upon

26  and violated by the defendants.  Plaintiffs have been denied

27  full and equal access on a day-to-day basis since the date of

28  their visit of October 21-22, 2002, on each day in which full

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 21 —

g:/my documents/f/fairmont-sj/pleading/complaint.doc

1   and equal access to such facility was denied.  On information

2   and belief, defendants have failed to act to provide full and

3   equal public access to their subject Fairmont Hotel, and

4   continue to operate in violation of the law and continue to

5   discriminate against physically disabled persons by failing to

6   allow access to their buildings.  At all times since

7   plaintiffs' visit to the Fairmont Hotel of October 21-22, 2002,

8   and on information and belief for periods prior to this date,

9   defendants were on notice of the requirements of the law

10  relating to provision for full and equal disabled access.

11  Especially as defendants were on full notice, each day that

12  defendants have continued to deny access to disabled persons

13  constitutes a new and distinct violation of plaintiffs' right

14  to full and equal access to this public facility, in violation

15  of §§54 and 54.1, et seq. Civil Code.  In the event of a

16  default judgment, plaintiffs will seek daily damages of $1,000

17  per day from the date of plaintiffs' visit to the Fairmont

18  Hotel until it is brought into full compliance with state and

19  federal access laws protecting the rights of the disabled, or

20  until the date of entry of default.

21      48.  Further, any violation of the Americans With

22  Disabilities Act of 1990 (as pled in the Third Cause of Action

23  hereinbelow, the contents of which are repled and incorporated

24  herein, word for word, as if separately repled), also

25  constitutes a violation of § 54(c) and § 54.1(d) California

26  Civil Code, thus independently justifying an award of damages

27  and injunctive relief pursuant to California law on this basis,

28  including but not limited to Civil Code §§ 54.3 and 55.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 22 —

g:\my documents\f fairmont-s\pleading\complaint.doc

49.  Plaintiffs have been damaged by defendants' wrongful conduct and seek the relief that is afforded by §§ 54.1, 54.3 and 55 of the Civil Code.  Plaintiffs seek actual damages, and statutory and treble damages against defendants for all periods of time mentioned herein.  As to those of the defendants that currently own, operate, and/or lease (from or to) the subject Fairmont Hotel, plaintiffs seek preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny equal access for disabled persons, and for reasonable attorney fees.

50.  WHEREFORE, plaintiffs ask this Court to enjoin any continuing refusal by the defendants that currently own, operate, and or lease (from or to) the subject Fairmont Hotel, to grant such access to plaintiffs and other similarly situated disabled persons, or alternatively to enjoin operation of the subject Fairmont Hotel as a public accommodation, until such defendants comply with all applicable statutory requirements relating to access to physically disabled persons, and that the Court award statutory attorney fees, litigation expenses and costs pursuant to Civil Code §55, Code of Civil Procedure §1021.5, and Health & Safety Code §19953, and as further prayed for herein.

WHEREFORE, plaintiffs pray for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC § 12101ff**

51.  Plaintiffs replead and incorporate by reference, as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 23 —

1   if fully set forth again herein, the factual allegations

2   contained in Paragraphs 1 through 51, above.

3       52.  Pursuant to law, in 1990 the United States Congress

4   made findings per 42 U.S.C. §12101 regarding physically

5   disabled persons, finding that laws were needed to more fully

6   protect "some 43 million Americans with one or more physical or

7   mental disabilities," that "historically society has tended to

8   isolate and segregate individuals with disabilities," that

9   "such forms of discrimination against individuals with

10  disabilities continue to be a serious and pervasive social

11  problem," that "the Nation's proper goals regarding individuals

12  with disabilities are to assure equality of opportunity, full

13  participation, independent living and economic self sufficiency

14  for such individuals," and that "the continuing existence of

15  unfair and unnecessary discrimination and prejudice denies

16  people with disabilities the opportunity to compete on an equal

17  basis and to pursue those opportunities for which our free

18  society is justifiably famous..."

19      53.  Congress stated as its purpose in passing the

20  Americans with Disabilities Act (42 USC § 12101(b)):

21      It is the purpose of this act –

22      (1) to provide a clear and comprehensive national
        mandate for the elimination of discrimination against
23      individuals with disabilities;

24      (2) to provide clear, strong, consistent, enforceable
        standards addressing discrimination against
25      individuals with disabilities;

26      (3) to ensure that the Federal government plays a
        central role in enforcing the standards established
27      in this act on behalf of individuals with
        disabilities; and

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 24 —

g:\my documents\f-fairmont-sj\pleading\complaint.doc

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

54.  As part of the Americans with Disabilities Act, Public Law 101-336, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff).  Among "private entities" which are considered "public accommodations" for purposes of this title are a for purposes of this title was "an inn, hotel, motel, or other place of lodging," "a restaurant, bar or other establishment serving food or drink," and a "convention center, lecture hall, or other place of public gathering." (§301(7)(A), (B), and (D) [42 U.S.C. 12181].)

55.  Pursuant to §302 [42 USC 12182], "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

56.  Among the general prohibitions of discrimination were included, in §302(b)(1)(A):

§302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  -- It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT -- It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 25 —

1    licensing, or other arrangements with the opportunity to
     participate in or benefit from a good, service, facility,
2    privilege, advantage, or accommodation that is not equal to
     that afforded to other individuals."

3
     §302(b)(1)(A)(iii): "SEPARATE BENEFIT. -- It shall be
4    discriminatory to provide an individual or class of
     individuals, on the basis of a disability or disabilities of
5    such individual or class, directly, or through contractual,
     licensing, or other arrangements with a good, service,
6    facility, privilege, advantage, or accommodation that is
     different or separate from that provided to other individuals,
7    unless such action is necessary to provide the individual or
     class of individuals with a good, service, facility, privilege,
8    advantage, or accommodation, or other opportunity that is as
     effective as that provided to others."

9
     57.   Among the specific prohibitions against
10
     discrimination were included: §302(b)(2)(A)(ii): "A failure to
11
     make reasonable modifications in policies, practices or
12
     procedures when such modifications are necessary to afford such
13
     goods, services, facilities, privileges, advantages or
14
     accommodations to individuals with disabilities...;"
15
     §302(b)(2)(A)(iii): "A failure to take such steps as may
16   be necessary to ensure that no individual with a disability is
     excluded, denied services, segregated or otherwise treated
17   differently than other individuals because of the absence of
     auxiliary aids and services, unless the entity can demonstrate
18   that taking such steps would fundamentally alter the nature of
     the good, service, facility, privilege, advantage, or
19   accommodation being offered or would result in an undue
     burden;"
20
     §302(b)(2)(A)(iv): "A failure to remove architectural
21   barriers, and communication barriers that are structural in
     nature, in existing facilities...  where such removal is
22   readily achievable;"

23   §302(b)(2)(A)(v): "Where an entity can demonstrate that
     the removal of a barrier under clause (iv) is not readily
24   achievable, a failure to make such goods, services, facilities,
     privileges, advantages, or accommodations available through
25   alternative methods if such methods are readily achievable."

26
     The acts and omissions of defendants set forth herein were in
27
     violation of plaintiffs rights under the ADA, Public Law 101-
28
     336, and the regulations promulgated thereunder, 28 CFR Part

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                     — 26 —

g:\my documents\f\fairmont-s\pleading\complaint.doc

1   36ff.

2       58.   The removal of each of the barriers complained of by

3   plaintiffs CHRISTINE FITZGERALD and CONNIE ARNOLD, as

4   hereinabove alleged were at all times on or after January 26,

5   1992 "readily achievable" under the standards of the Americans

6   With Disabilities Act of 1990.

7       59.   Further, at all times herein mentioned, modification

8   of or removal of these barriers was "readily achievable" under

9   the factors specified in the Americans with Disabilities Act of

10  1990, including but not limited to §301(9) [42 U.S.C. 12181],

11  and the Regulations adopted thereto.  Further, if defendants

12  are able to "demonstrate" that it was not "readily achievable"

13  for defendants to remove each of such barriers, defendants have

14  failed to make the required services available through

15  alternative methods which were readily achievable, as required

16  by §302 of the ADA [42 U.S.C. 12182].

17      60.   "Discrimination" is further defined under §303(a)(2)

18  of the ADA, for a facility or part thereof that was altered

19  after the effective date of §303 of the ADA in such a manner as

20  to affect or that could affect the usability of the facility or

21  part thereof by persons with disabilities, to include per

22  section 303(a)(2) [42 U.S.C. 12183], "a failure to make

23  alterations in such a manner that, to the maximum extent

24  feasible, the altered portions of the facility are readily

25  accessible to and usable by individuals with disabilities,

26  including individuals who use wheelchairs."  Additionally, for

27  alterations to areas of a facility involving a "primary

28  function," discrimination under the ADA, per 303(a)(2) (42

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 27 —

g:\my documents\f\fairmont-s\pleading\complaint.doc

1  U.S.C. 12183), also includes the failure of an entity "to make

2  the alterations in such a manner that, to the maximum extent

3  feasible, the path of travel to the altered area and the

4  bathrooms, telephones, and drinking fountains serving the

5  altered area, are readily accessible to and usable by

6  individuals with disabilities."

7      61.  On information and belief, defendants have, since the

8  date of enactment of the ADA, performed alterations (including

9  alterations to areas of primary function) to the subject

10  buildings, and their facilities, public accommodations, and

11  commercial facilities, which fail to provide facilities and

12  paths of travel to such areas that are readily accessible to

13  and usable by individuals with disabilities, in violation of

14  section 303(a)(2), and the regulations promulgated thereunder,

15  28 CFR Part 36ff.

16      62.  Pursuant to the Americans with Disabilities Act, 42

17  USC 12188ff, §308, plaintiff is entitled to the remedies and

18  procedures set forth in §204, subsection (a), of the Civil

19  Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as

20  plaintiff is being subjected to discrimination on the basis of

21  disability in violation of this title or has reasonable grounds

22  for believing that he is about to be subjected to

23  discrimination in violation of §§ 302 and 303.  On information

24  and belief, defendants have continued to violate the law and

25  deny the rights of plaintiff and of other disabled persons to

26  access this public accommodation since plaintiffs CHRISTINE

27  FITZGERALD and CONNIE ARNOLD, visit of October 21-22, 2002.

28  Pursuant to §308(a)(2), "[i]n cases of violations of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 28 —

g:\my documents\f:fairmont-s\pleading\complaint.doc

1   §302(b)(2)(A)(iv)... injunctive relief shall include an order

2   to alter facilities to make such facilities readily accessible

3   to and usable by individuals with disabilities to the extent

4   required by this title."

5        63.   As a result of defendants' acts and omissions in this

6   regard, plaintiff has been required to incur legal expenses and

7   attorney fees, as provided by statute, in order to enforce

8   plaintiffs' rights and to enforce provisions of the law

9   protecting access for disabled persons and prohibiting

10  discrimination against disabled persons.  Plaintiffs therefore

11  seek recovery of all reasonable attorney fees, litigation

12  expenses (including expert fees) and costs, pursuant to the

13  provisions of section 505 of the ADA (42 U.S.C. 12205) and the

14  Department of Justice's regulations for enforcement of Title

15  III of the ADA (28 CFR 36.505).  Additionally, plaintiffs'

16  lawsuit is intended not only to obtain compensation for damages

17  to plaintiffs, but also to require the defendants to make their

18  facilities accessible to all disabled members of the public,

19  justifying "public interest" attorney fees pursuant to the

20  provisions of California Code of Civil Procedure §1021.5.

21        WHEREFORE, plaintiffs pray that this Court grant relief

22  as hereinafter stated:

23                      **PRAYER FOR RELIEF**

24        WHEREFORE, Plaintiffs pray that this Court:

25  1.    Issue a preliminary and permanent injunction directing

26  Defendants to modify the specified public buildings and other

27  non-conforming facilities and their policies and practices, so

28  that each provides full and equal access to physically disabled

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**
— 29 —
g:\my documents\f-fairmont-s\pleading\complaint.doc

1   persons;

2      2.   Retain jurisdiction over the Defendants until such time

3   as the Court is satisfied that Defendants' unlawful policies,

4   practices, acts and omissions complained of herein no longer

5   exist, and will not, recur;

6      3.   Grant a jury trial and award to Plaintiffs all

7   appropriate damages in an amount to be proved at trial;

8      4.   Award to Plaintiffs all costs of this proceeding and

9   award all statutory remedies including statutory attorney fees,

10  litigation expenses and costs, as provided by law; and

11     5.   Grant such other and further relief as this Court may

12  deem just and proper.

13

14  Dated: October __, 2003            PAUL L. REIN
                                       PATRICIA BARBOSA
15                                     JULIE MCLEAN
                                       LAW OFFICES OF PAUL L. REIN
16

17

18                                     _____
                                       Attorneys for Plaintiffs
19                                     CHRISTINE FITZGERALD and
                                       CONNIE ARNOLD
20

21

22

23

24

25

26

27  ///

28  ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                 — 30 —
                                                            g:/my documents/.f/fairmont-sj/pleading/complaint.doc

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury for all claims for

3  which a jury is permitted.

4

5  Dated: October __, 2003          PAUL L. REIN

6                                   PATRICIA BARBOSA
                                    JULIE MCLEAN
7                                   LAW OFFICES OF PAUL L. REIN

8

9  _____
                                    Attorneys for Plaintiffs
10                                  CHRISTINE FITZGERALD and
                                    CONNIE ARNOLD

11

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

12

13      Pursuant to Civil L.R. 3-16, the undersigned certifies

14  that as of this date, other than the named parties, there is no

15  such interest to report.

16

17  Dated: October __, 2003          PAUL L. REIN
                                    PATRICIA BARBOSA
18                                  JULIE MCLEAN
                                    LAW OFFICES OF PAUL L. REIN

19

20  _____
                                    Attorneys for Plaintiffs
21                                  CHRISTINE FITZGERALD and
                                    CONNIE ARNOLD

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 31 —

g:\my documents\f\fairmont-sj\pleading\complaint.doc